

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **CASE NO. 1:06-CR-141** |
| | § | |
| **MONSONTHA ANTONIO** | § | |
| **MERCHANT** | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(I) and 3583(e). The United States alleges that Defendant, Monsontha Antonio Merchant, violated conditions of supervised release imposed by United States District Judge Ron Clark. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* requesting the revocation of Defendant's supervised release

The Court conducted a hearing on December 21, 2010, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated

conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a.  That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b.  That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On April 17, 2007, The Honorable Ron Clark, United States District Judge for the Eastern District of Texas, sentenced Mr. Merchant after he pled guilty to the offense of felon in possession of a firearm, a Class C felony. Judge Clark sentenced the defendant to 26 months imprisonment to be followed by three years of supervised subject to the standard conditions of release, plus special conditions to include drug aftercare and a $100 special assessment. On April 18, 2008, Mr. Merchant completed his period of imprisonment and began service of the supervision term.

On October 15, 2009, the Court modified Merchant's conditions of supervised release to include 180 days commitment to a community corrections center.

**B. Allegations in Petition**

The United States alleges that Defendant violated the following special condition of supervised release:

*The defendant shall participate in a program of testing and treatment of drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is release from the program by the probation officer.*

Specifically, Mr. Merchant failed to attend substance abuse treatment in June, July, or August 2010.

**C. Evidence presented at Hearing:**

At the hearing, the Government offered the following evidence as its factual basis for the allegations set out *supra*. The Government would establish that as condition of his supervision conditions, Mr. Merchant was required to attend substance abuse counseling at Simon Counseling. The Government would present documentation and testimony establishing that in June, July and August 2010 Mr. Merchant was scheduled to attend appointments with Simon Counseling, and he did not appear for those appointments as required. Mike Simon, Mr. Merchant's substance abuse counselor, would testify that he attempted to contact Mr. Merchant about his missed appointments in those months but was unable to reach Merchant.

Defendant, Monsontha Antonio Merchant, offered a plea of true to the allegations. Specifically, Mr. Merchant agreed with the evidence presented and pled true to the allegation that he failed to attend substance abuse counseling as alleged above, all in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a special condition of his supervised release by failing to participate in a program of testing and treatment for drug abuse by missing his scheduled substance abuse counseling appointments.

If the Court finds that Mr. Merchant violated his supervision conditions in the manner stated above, this will constitute a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke Defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the defendant's criminal history category of IV and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from six (6) to twelve (12) months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two years, less any time the Defendant has already served in prison for a previous revocation. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised

release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001).  Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and Defendant's own admission supports a finding that he violated his supervision conditions.  The Court, therefore, finds by a preponderance of the evidence that Defendant committed a Grade C violation of his supervision conditions by failing to participate in a program of testing and treatment for drug abuse in missing his substance abuse treatment appointments.  Mr. Merchant knowingly and voluntarily pled true and agreed with the Court's recommended sentence for the violation.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release.  The undersigned magistrate judge further recommends that the District Court order Defendant, Monsontha Antonio Merchant, to serve a term of **nine (9) months imprisonment**, to include any credit for time already spent in federal custody on this revocation proceeding.  The undersigned recommends that Mr. Merchant be placed in the FCC --Beaumont, within the Bureau of Prisons, to serve his sentence.  The Court finally recommends that the defendant receive no further supervision term upon his release.

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 22nd day of December, 2010.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE